UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIDEL PONS GONZALEZ,

      Petitioner,

    v.                           Case No.:  2:26-cv-01311-SPC-DNF

DEPARTMENT OF HOMELAND
SECURITY *et al*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Fidel Pons Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 10).

Pons Gonzalez is a native of Cuba who entered the United States on June 11, 2007, and later became a lawful permanent resident.  He was convicted of theft in 2013 and cocaine possession, possession of a weapon, and larceny in 2015.  An immigration judge ordered him removed on October 31, 2016.  Immigration and Customs Enforcement ("ICE") was unable to remove Pons Gonzalez to Cuba, so it released him under an order of supervision on in 2017.  Since then, Pons Gonzalez has been convicted of burglary, vehicle theft, and criminal damage.

On November 27, 2025, local police arrested Pons Gonzalez for possession of cocaine and contacted Immigration and Customs Enforcement ("ICE").  ICE issued an immigration detainer, and Pons Gonzalez was

transferred to ICE custody on December 1, 2025. On December 3, 2025, ICE served Pons Gonzalez with a Notice of Revocation of Release and conducted an informal interview. He is currently detained at Alligator Alcatraz. Pons Gonzalez claims his detention violates his right to due process because he has not seen a judge or received a hearing or a court date.[1]

8 C.F.R. § 241.13(i)(3) sets the process due when ICE revokes a noncitizen's release for the purpose of executing a removal order:

> Upon revocation, the alien will be notified of the reasons for revocation of his or her release. [ICE] will conduct an informal interview promptly after his or her return to [ICE] custody to afford the alien an opportunity to respond to the reasons for the revocation stated in the notification.

ICE followed the proper procedure when revoking Pons Gonzalez's release. It served him with a written notice of revocation of release and conducted an informal interview two days after his return to ICE custody. Pons Gonzalez was not entitled to a hearing before a judge. But he is entitled to request review of his detention "six months after [ICE]'s last denial of release under" § 241.13. 8 C.F.R. § 241.13(j). If Pons Gonzalez properly requests review and ICE fails to conduct it in accordance with the regulation, Pons Gonzalez can seek habeas relief on that basis.

Accordingly, it is hereby

---

[1] Pons Gonzalez does not allege there is no significant likelihood of removal in the reasonably foreseeable future, so the Court does not construe the petition as stating a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

**ORDERED:**

Fidel Pons Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) is

**DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and

deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record